UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vincent McKinney,

                Plaintiff,

v.

State of Minnesota; and County of Hennepin, a Minnesota Municipal Corporation, Hennepin County Sheriff's Department, a Minnesota Municipal Corporation; and Deputy Fleck an Officer of the Hennepin County Sheriff's Department, in his official capacity and in his individual capacity; and City of Minneapolis, a Minnesota Municipal Corporation, and Minneapolis Police Department, a Minnesota Municipal Corporation; and Lieutenant Dietzman, an officer of the Minneapolis Police Department, in his official capacity and in his individual capacity; and Detective Poidinger, an Officer of the Minneapolis Police Department, in his official capacity and in his individual capacity; and Detective Lunde, an Officer of the Minneapolis Police Department, in his official capacity and in his individual capacity; and Detective Bogenreif, an Officer of the Minneapolis Police Department, in his official capacity and in his individual capacity; and Allstate Insurance Company, a Minnesota Corporation, and Paul Nelson, an insurance agent of Allstate Insurance Company, in his official capacity and in his individual capacity,

                Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 08-3769 ADM/JSM

---

Vincent McKinney, *pro se*.

Anna E. Jenks, Esq., Minnesota Attorney General's Office, St. Paul, MN, appeared for and on behalf of the Defendant State of Minnesota.

Toni A. Beitz, Esq., Hennepin County Attorney's Office, Minneapolis, MN, appeared on behalf of the Defendants Hennepin County, Hennepin County Sheriff's Office, and the individual officers.

Darla Jo Boggs, Esq., Minneapolis City Attorney's Office, Minneapolis, MN, appeared on behalf of the Defendants City of Minneapolis and the Minneapolis Police Department.

Teresa E. Knoedler, Esq., Lind, Jensen, Sullivan & Peterson P.A., Minneapolis, MN, appeared on behalf of Defendants Allstate Insurance Company and Paul Nelson.

## I. INTRODUCTION

On October 17, 2008, the undersigned United States District Judge heard oral argument on the Motion to Dismiss or for Summary Judgment [Docket No. 12] of Defendants Hennepin County, Hennepin County Sheriff's Department, Deputy Fleck, and Officers Dietzman, Poidinger, Lunde, and Bogenreif (collectively the "Hennepin Defendants"), the Motion to Dismiss or for Summary Judgment [Docket No. 17] from the State of Minnesota (the "State"), and the Motion for Summary Judgment [Docket No. 15] from Plaintiff Vincent McKinney ("McKinney").  At the hearing, McKinney agreed to dismiss all claims against the City of Minneapolis and the Minneapolis Police Department.  The Court orally granted the State's Motion to Dismiss after finding that any claim against it was barred by the Eleventh Amendment to the United States Constitution.  The Court also denied McKinney's Motion for Summary Judgment against Allstate Insurance Company and Paul Nelson after McKinney conceded there were fact issues still in dispute.  The Court took under advisement the Hennepin Defendants' Motion to Dismiss or for Summary Judgment.  For the reasons set forth below, the Court grants the Hennepin Defendants' motion.

## II. BACKGROUND[1]

On December 14, 2007, Hennepin County District Judge Patricia Belois issued a search warrant for a residence in Minneapolis, Minnesota. Beitz Aff. [Docket No. 27] Ex. B. The warrant authorized Lieutenant Dietzman, Detective Poidinger, Detective Lunde, Detective Bogenreif, Deputy Fleck, and other officers to search the residence for drugs, associated paraphernalia, firearms, and documents showing the identity of the occupant. Id. The affidavit in support of the search warrant averred that a confidential informant had identified a man named "Vince" lived at the residence and was selling crack cocaine. Beitz Aff. Ex. A. Vincent McKinney was listed as the occupant of the residence. Id. Detective Sweitzer had utilized the informant to complete a controlled buy of narcotics from McKinney at that residence. Id. Judge Belois granted officers the authority to search the residence without announcement to prevent the loss of evidence and protect the officers. Id. Ex. B.

The warrant was executed by law enforcement on December 18, 2007, at approximately 8:00 a.m. Lunde Aff. [Docket No. 25] ¶ 4. The police officers "ramm[ed] the front and back door in," detained McKinney with plastic handcuffs, and proceeded to search the residence. Amend. Compl. [Docket No. 6] ¶ 1. Detective Fleck was the only individually named defendant to enter the residence and participate in the search. Fleck Aff. [Docket No. 24] ¶ 4. He was not, however, the officer who handcuffed McKinney. Id. ¶ 5. Neither Dietzman, Poidinger, nor Bogenreif went to the residence or participated in the execution of the warrant. Dietzman Aff. [Docket No. 23] ¶ 4, Poidinger Aff. [Docket No. 26] ¶ 4, Bogenreif Aff. [Docket No. 22] ¶ 4.

---

[1] In this Motion to Dismiss or for Summary Judgment, the facts are viewed in the light most favorable to the Plaintiff. See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995); Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

Detective Lunde went to assist in the search but was not involved in ramming the door or participating in the search because he left the scene before any action had been taken. Lunde Aff. ¶¶ 5, 6. The officers seized a number of documents demonstrating McKinney's identity and residency, an electronic scale, ammunition, packaging material, and a shirt. Beitz Aff. Ex. C. Receipt, Inventory and Return ("Receipt").

McKinney alleges that the officers failed to inform him about the nature of the search warrant, provide him with a copy of the sworn affidavit that served as the basis of the warrant, or provide a property list enumerating the evidence seized. Amend. Compl. ¶¶ 1, 2, 4. He also alleges the Defendants damaged his residence. Id. ¶¶ 1, 2. The Hennepin Defendants admit they did not provide McKinney with a copy of the affidavit. Answer by Hennepin Defendants [Docket No. 11] ¶ 8. Sweitzer, however, swore on the receipt that a copy of the receipt and warrant were left with McKinney at the residence. Beitz Aff. Ex. C.

### III. DISCUSSION

**A.     Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is

entitled to relief." A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, the motion to dismiss is converted to one for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003). A court has "complete discretion" in determining whether to accept materials beyond the pleadings, but should not do so if the non-moving party has not yet had an opportunity to discover facts or evidence to support its allegations. Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 701 (8th Cir. 2003); BJC Health Sys., 348 F.3d at 687-88. However, the court may consider public records and matters that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). In general, "[m]ost courts view matters outside the pleading[s] as including any written or oral evidence in support of or in opposition to the pleading[s] that

provides some substantiation for and does not merely reiterate what is said in the pleadings." BJC Health Sys., 348 F.3d at 687.

Because matters outside the pleadings submitted by the parties are considered, and because neither party opposes[2] treating this Motion as one for summary judgment, the Court will treat the Hennepin Defendants' Motion as one for summary judgment.

**B.      Section 1983 Claim Against Dietzman, Poidinger, Lunde, and Bogenreif**

"In order to survive a motion for summary judgment under § 1983, the plaintiff must raise a genuine issue of material fact as to whether (1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Cooksey v. Boyer, 289 F.3d 513, 515 (8th Cir. 2002). As a threshold matter, the complaint must contain sufficient facts to demonstrate that the individually named defendants violated the plaintiff's constitutional rights. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). Specifically, a complaint must plead sufficient facts that describe what each individually named plaintiff did that constitutes a violation of the plaintiff's constitutional rights. Twombly, 127 S. Ct. at 1974; see also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution).

McKinney's first Complaint [Docket No. 1] did not contain facts describing the alleged constitutional violations or how the actions of the individual Defendants violated his constitutional rights. In a July 2, 2008 Order [Docket No. 5], Magistrate Judge Mayeron

---

[2] McKinney moved for Summary Judgment against the Hennepin County Defendants. He did not file an opposition memorandum to the defense motions.

informed McKinney about this deficiency in his original Complaint and gave McKinney until August 8, 2008 to file an amended complaint to satisfied the pleading requirements. McKinney's Amended Complaint, however, still fails to contain facts that demonstrate how the individually named plaintiffs violated his Constitutional rights. The Amended Complaint merely refers to the "Police Lieutenant, Detectives, and County Sheriff" who entered his residence and the "named officials" who placed him in handcuffs. Given the affidavits of Dietzman, Poidinger, and Bogenreif that they never participated in the execution of the warrant, the affidavit of Lunde that he did not knock down McKinney's door or enter the apartment, and the lack of any facts in the Complaint that would tie the alleged unconstitutional behavior to these Defendants, the Court grants summary judgment to Dietzman, Poidinger, Bogenreif, and Lunde.

C.     **Section 1983 Claim Against Deputy Fleck**

Of the individually named defendants, only Deputy Fleck participated in the execution of the warrant and the search of the residence. McKinney alleges that (1) there were deficiencies in the warrant, (2) his handcuffing during the execution of the warrant was a constitutional violation, (3) the officers failed to show him the warrant and affidavit and failed to leave a receipt, and (4) the Defendants damaged his property. McKinney has not specifically alleged that Deputy Fleck secured the warrant or handcuffed him, and in his affidavit Deputy Fleck states that he did not participate in the drafting or procurement of the warrant and he did not handcuff McKinney. For this reason, the Court finds that the Amended Complaint does not allege sufficient facts attaching any responsibility for the alleged warrant deficiencies or the handcuffing to Deputy Fleck.

Two theories of how Deputy Fleck violated McKinney's rights remain. The first is that

Deputy Fleck failed to show the affidavit or warrant to McKinney and failed to leave a copy of the receipt at McKinney's residence. Taking the facts in the light most favorable to McKinney, these allegations nevertheless fail to state a constitutional violation. Law enforcement officers do not commit a constitutional violation by failing to provide a resident with a copy of a search warrant prior to conducting a search. See Groh v. Ramirez, 540 U.S. 551, 562 n. 5 (2004) ("neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search"); see also DeArmon v. Burgess, 388 F.3d 609, 612 (8th Cir. 2004) (recognizing that failure to provide a copy of a search warrant is not a violation of a clearly established constitutional right). While Deputy Fleck had a legal duty to provide McKinney with a copy of the warrant and receipt, he had no legal duty to present McKinney with the affidavit. See Minn. Stat. § 626.16. Finally, while Deputy Fleck's alleged failure to provide McKinney with a receipt is a violation of Minnesota law, violation of state law does not, by itself, constitute a § 1983 violation. See DeArmon, 388 F.3d at 612; Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1998). For these reasons, the failure to show McKinney the affidavit or warrant or provide him with a copy of the receipt fails to state a § 1983 claim.

Finally, McKinney alleges that the damage to his residence is a constitutional violation. McKinney's claim fails. The Supreme Court has held that an unauthorized intentional or negligent deprivation of property by a state employee does not constitute a violation of due process if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Here, McKinney has a remedy because he can pursue in state court an action in tort against Hennepin County for any

losses caused by the officers. Minn. Stat. § 466.02. The Eighth Circuit has held that section 466.02 is an adequate post-deprivation remedy. Hubenthal v. County of Winona, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam); see also Ali. v. Ramsdell, 423 F.3d 810, 814 (8th Cir. 2005) (holding that a state law conversion claim is an adequate post-deprivation remedy). For these reasons the Court grants summary judgment to Deputy Fleck.

**D.     Section 1983 Claim Against Hennepin County Sheriff's Department**

McKinney brings his claim against Hennepin County Sheriff's Department as a municipal corporation. Hennepin County Sheriff's Department is not, itself, a municipal corporation but rather an operating department of a municipal corporation, namely Hennepin County. Because it is not a legal entity recognized by the law, legislation is required to enable it to sue or be sued. See State ex rel. Ryan v. Civil Service Comm'n of City of Minneapolis, 154 N.W.2d 192, 194 (Minn. 1967); see also Maras v. City of Brainerd, 502 N.W.2d 69, 79 (Minn. Ct. App. 1993) (concluding that the Crow Wing County Sheriff's Department was not a legal entity). No such legislation exists in this case and therefore summary judgment is granted on the claim against the Hennepin County Sheriff's Department.[3]

**E.     Section 1983 Claim Against Hennepin County**

While not explicitly pleaded as such, McKinney's § 1983 claim against Hennepin County may have been intended to assert a Monell action. Under Monell, municipal liability arises when a constitutional injury directly results from "action pursuant to official municipal policy of some nature." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). The policy may derive from an "officially adopted and promulgated" policy by the governmental governing

---

[3] Judge Mayeron's July 2, 2008 Order also informed McKinney of this defect.

body or from a widespread "custom or usage" within the municipality. Id.; see also Thelma D. ex rel. Delores A. v. Board of Educ., 934 F.2d 929, 932 (8th Cir. 1991). A governmental "custom" may serve as the basis for § 1983 liability "even though such a custom has not received formal approval through the body's official decision making channels." Monell, 436 U.S. at 659; see also Jane Doe "A" v. Special Sch. Dist., 901 F.2d 642, 646 (8th Cir. 1990). A plaintiff may establish liability "through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a custom or usage with the force of law." McGautha v. Jackson County, Miss. Collections Dept., 36 F.3d 53, 55-56 (8th Cir. 1994) (internal quotations and citations omitted). To demonstrate an unconstitutional "custom," a plaintiff must prove

> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

Jane Doe "A," 901 F.2d at 646.

Although Hennepin County is named in the caption of the Amended Complaint, it is not mentioned in the body of the document. McKinney has alleged no facts to demonstrate liability on the part of Hennepin County. The allegations refer to specific acts by individual officers but fail to allege any policy, custom, or usage on the part of Hennepin County that would give rise to a Monell claim. For these reasons, Hennepin County is entitled to summary judgment.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion to Dismiss or for Summary Judgment [Docket No. 12] of Defendants Hennepin County, Hennepin County Sheriff's Department, and Officers Dietzman, Poidinger, Lunde, Bogenreif, and Fleck is **GRANTED**;

2. Defendant State of Minnesota's Motion to Dismiss [Docket No. 17] is **GRANTED**;

3. Defendants City of Minneapolis and Minneapolis Police Department are **DISMISSED** by consent of the parties;

4. Plaintiff Vincent McKinney's Motion for Summary Judgment [Docket No. 15] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 3, 2008.