# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Vincent McKinney,

                Plaintiff,                **MEMORANDUM OPINION AND ORDER**

vs.                                                    Civil No. 08-3769ADM/JSM

Allstate Insurance Company, a Minnesota
Corporation and Paul Nelson, an insurance
agent of Allstate Insurance Company, in his
official capacity and his individual capacity,

                Defendants.

___

Vincent McKinney, pro se.

Brian A. Wood, Esq., and Teresa E. Knoedler, Esq., Lind, Jensen, Sullivan & Peterson P.A., Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on the Motion for Summary Judgment [Docket No. 47] of Defendants Allstate Insurance Company ("Allstate") and Paul Nelson ("Nelson") (collectively, "Defendants"). Plaintiff Vincent McKinney ("McKinney") also has brought a Renewed Motion for Summary Judgment ("Renewed Motion") [Docket No. 53]. In his Amended Complaint [Docket No. 6], McKinney asserts an implied claim of denial of insurance coverage as well as a negligence per se claim. For the reasons set forth below, Defendants' motion is granted and McKinney's motion is denied.

## II. BACKGROUND

On December 18, 2007, at approximately 8:00 a.m., law enforcement officers executed a search warrant authorizing the search of McKinney's residence for drugs, associated paraphernalia, firearms, and documents. Beitz Aff. [Docket No. 27] Ex. B. During execution of

the warrant, the officers "ramm[ed] the front and back door in" and caused other damage in the home. Am. Compl. at 1, 2. The officers seized documents, an electronic scale, ammunition, packaging material, and a shirt. Beitz Aff. Ex. C.

In addition to Allstate and Nelson, McKinney brought claims against a number of the individual officers of the Hennepin County Sheriff's Department and the Minneapolis Police Department, the Departments themselves, Hennepin County, the City of Minneapolis, and the State of Minnesota. Compl. [Docket No. 1]. On October 17, 2008, the Court held a hearing during which McKinney voluntarily dismissed all claims against the City of Minneapolis and the Minneapolis Police Department. See October 17, 2008 Order [Docket No. 36]. At the hearing, the Court dismissed the claims against the State of Minnesota and denied McKinney's Motion for Summary Judgment [Docket No. 15] against Allstate and Nelson. Id. After the hearing, the Court dismissed McKinney's claims against Hennepin County, the Hennepin County Sheriff's Department and the individual officers. Id. at 11. The only remaining claims in this action are the implied claim for coverage against Allstate and the claim of negligence per se asserted against both Allstate and Nelson.

McKinney has had two separate renter's insurance policies from Defendants. On September 29, 2006 McKinney obtained the 912 023 356 policy (the "September policy"). Knoedler Aff. [Docket No. 51] Ex. A ¶ 3. On September 10, 2007, Defendants sent McKinney a "Cancellation Notice" informing him that he owed $73.98 in overdue payments. Knoedler Aff. Ex. A-1. The notice informed McKinney that he must pay "the Minimum Amount Due by the end of the day (midnight) on October 13, 2007, or [his] policy [would] cancel at 12:01 A.M. Standard Time on October 14, 2007." Id. The Minimum Amount Due was $73.98. Id.

McKinney did not make this payment, and Defendants cancelled the September policy on October 14, 2007. Nelson Aff. [Docket No. 32] ¶ 2.

At the time Allstate cancelled the September policy, McKinney still owed $23.00 in overdue premiums for the already earned coverage period. Nelson Aff. ¶ 4. McKinney paid the $23.00 after Defendants informed him that they would send the balance to a collection agency. Id. ¶ 8. McKinney purchased the $23.00 money order on November 1, 2007, and on December 4, 2007, Defendants issued a Conditional Receipt, which stated "we will not be liable for claims or damages after the date and time indicated on the cancellation notice or notice of termination"[1] Renewed Mot. Ex. A-1; Knoedler Aff. Ex. A-2.

On December 20, 2007, McKinney contacted Defendants to request coverage for damage allegedly sustained during the police search of December 18, 2007. Defendants denied McKinney's request. Am. Compl. at 3. At some point prior to January 1, 2008, it appears that McKinney requested a second renter's insurance policy application from the Defendants. See Nelson Aff. ¶ 7. On January 1, 2008, Nelson sent to McKinney an application for policy number 912 454 822 (the "January policy"). Id. McKinney never made any payments on the January policy, and Defendants cancelled that policy on March 24, 2008. Nelson Aff. ¶ 8.

### III. DISCUSSION

**A.   Standard for Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

---

[1] While the exact date that Allstate received McKinney's payment is unclear, it was not before November 1, 2007, which is after the October 13, 2007 deadline.

3

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).[2]

**B.     Implied Claim for Coverage**

McKinney does not directly allege a coverage claim in his Complaint. However, the Court recognizes that pro se complaints, "however inartfully pleaded, [are to be held] to less stringent standards than formal pleadings drafted by lawyers." Haines. v. Kerner, 404 U.S. 519, 520 (1972). The Court will construe McKinney's Complaint broadly, and will treat his Complaint as if McKinney asserted a coverage claim.

In a claim for insurance coverage under Minnesota law, "the initial burden of proof is on the insured to establish a prima facie case of coverage." SCSC Corp. v. Allied Mutual Ins. Co., 536 N.W.2d 305, 311 (Minn. 1995) (citing Boedigheimer v. Taylor, 178 N.W.2d 610, 614 (Minn. 1970)). McKinney has had two separate policies with Defendants, the September policy and the January policy. In order to survive Defendants' motion for summary judgment,

---

[2] As a threshold matter, Defendants argue that the Court should dismiss the Renewed Motion for Summary Judgment under Local Rule 7.1(b)(1), which requires that parties file dispositive motions at least 45 days prior to a hearing. McKinney is a pro se plaintiff and the Court will hold him to a less stringent standard because Defendants have not been prejudiced by his motion.

McKinney must show specific facts that create a genuine issue as to whether one of these policies was in effect when the alleged damage occurred on December 18, 2007.

The record clearly establishes that Defendants cancelled the September policy prior to December 18, 2007. If the cancellation was valid, then the policy was not in effect and McKinney is not entitled to coverage. Minnesota law treats renter's insurance policies as homeowner's insurance policies. Minn. Stat. § 65A.27, Subd. 4. An insurer may only cancel a policy for the reasons authorized in the statute. See Minn. Stat. § 65A.29, Subd. 1. The statute specifically authorizes non-payment of premiums as a sufficient reason for cancellation. Minn. Stat. § 65A.01, Subd. 3a.(1)(a). Defendants informed McKinney that failure to pay the Minimum Amount Due would result in cancellation of the policy on October, 14, 2007, and McKinney failed to remit any payment by that deadline. Consequently, Minnesota law authorized Defendants to cancel the September policy.

McKinney's subjective belief that his policy was still in effect does not save his claim. To cancel a policy for non-payment of premiums, the statute requires the insurer to mail notice of the cancellation to the policy holder at least 20 days before the cancellation date, write the letter in language "which is easily readable and understandable" and is "sufficiently specific to convey, clearly and without further inquiry, the basis for the insurer's refusal to renew... coverage," and must inform the insured of three statutory rights: (1) possible coverage through the Minnesota FAIR plan; (2) the right to object to the Minnesota Commissioner of Insurance; and (3) the right to receive unearned premiums. Minn. Stat. § 65A.01, Subd. 3c (requiring a notice period of 20 days); Minn. Stat. § 65A.29, Subd. 4 (requiring a clear reason for refusal to renew, and requiring notice of the three statutory rights). Defendants' September 10, 2007 letter met the statutory requirements for notice of cancellation. Defendants mailed the letter on

September 10, 2007, 33 days before the payment deadline of October 13, 2007, informed McKinney in large, bold-face font at the top of the letter, that non-payment of premiums was the reason for cancellation, and informed him of his three statutory rights.[3] Knoedler Aff. Ex. A-1.

McKinney's Amended Complaint could be read generously as asserting that, by accepting the $23.00 payment, Defendants reinstated the September policy and waived their right to cancel that policy. The evidence refutes this assertion. An insurance company may unintentionally waive its right to cancel a policy if it accepts payment for overdue premiums after the cancellation date, and then acts or makes statements that suggest recognition of the policy's validity. Seavey v. Erickson, 69 N.W.2d 889, 898 (Minn. 1955). In Seavey, the insured failed to pay premiums by the policy's cancellation date, suffered an accident, and then sent the overdue payment. Id. The insurance company accepted and retained the check with knowledge of the accident, going so far as to investigate the accident and arrange for disposal of the vehicle. Id. When the company denied coverage, the insured sued and the Seavey court found that the company had waived its right to cancel the policy. Id.

In contrast with the defendants in Seavey, Defendants did not waive their right to cancel. In Seavey, the insured paid the full amount due to prevent cancellation, which included an installment for a renewed coverage period. Seavey, 69 N.W.2d at 893. McKinney, however, did not pay the full $73.98 Minimum Amount Due to prevent cancellation, but only $23.00 for already earned coverage. Also in contrast with Seavey, Defendants did not act in a way or make

---

[3] While the letter refers to the Minnesota Property Insurance Facility, the legislature changed the statute's language from "Minnesota Property Insurance Facility" to the "Minnesota FAIR Plan" in 2003. 2003 Minn. Laws 314. The plans are essentially the same. Although Defendants have not updated the language of the notice, the letter still informed McKinney of his right to receive alternate insurance through the State of Minnesota and that his agent could assist him in acquiring the alternate insurance.

any statement that suggests recognition of McKinney's policy as valid. In fact, McKinney received a conditional receipt for the $23.00 payment prior to the December search of his home which explicitly stated that the payment would not reinstate the policy. McKinney has failed to present any evidence that suggests the $23.00 payment should have reinstated the September policy.

Finally, the January policy went into effect after the alleged damage occurred on December 18, 2007 and therefore does not provide coverage. Since neither policy was in effect, McKinney has failed to establish a prima facie case of insurance coverage. For these reasons the Court grants summary judgment on the implied claim for coverage to the Defendants.

**C.     Negligence Per Se Claim**

McKinney's other claim is that Defendants' denial of coverage constitutes negligence per se. McKinney suggests that Defendants have violated Minnesota insurance law. If the denial of coverage does not amount to negligence per se, then neither Defendant is liable. "Negligence per se is a form of ordinary negligence that results from violation of a statute." Anderson v. State, 693 N.W.2d. 181, 189-90 (Minn. 2005) (quoting Seim v. Garavalia, 306 N.W.2d 806, 810 (Minn. 1981)). In addition to a statutory violation, a plaintiff asserting negligence per se must prove that the plaintiff is "among those the legislature intended to protect, and the harm must be of the type the legislature intended to prevent by enacting the statute." Anderson, 693 N.W.2d at 189-90 (quoting Gradjelick v. Hance, 646 N.W.2d 225, 231 n.3 (Minn. 2002)). Summary judgment is appropriate for a negligence per se claim if there is a "complete lack of proof on any of the essential elements." Id. (quoting Gradjelick, 646 N.W.2d at 234).

McKinney possessed renter's insurance, and, as discussed above, Minnesota law treats renter's insurance as homeowner's insurance. Minn. Stat. § 65A.27, Subd. 4. The homeowner's

7

insurance regulations provide that "no insurer may cancel a policy of homeowner's insurance except for the reasons specified in § 65A.01." Minn. Stat. § 65A.29, subd. 1. Although McKinney only cites § 65A.01 in his Amended Complaint, the Court also considers whether Defendants' cancellation violated the applicable homeowner's insurance law, §§ 65A.27-30.[4] To survive summary judgment on his negligence per se claim, McKinney must prove a genuine dispute as to whether Defendants' cancellation of the September policy violated these statutes.

As discussed above, no evidence in the record supports a finding that the Defendants' cancellation of the September policy, and the subsequent denial of coverage, violated Minnesota insurance law. Based on all the pleadings and affidavits, there is a complete lack of proof of a statutory violation, and McKinney therefore lacks an essential element of a negligence per se claim.[5] For these reasons, the Defendants are entitled to summary judgment.

---

[4] As with the implied claim for coverage, the Court views the negligence per se claim with some leniency given McKinney's pro se status.

[5] Since the Court does not find a statutory violation, the Court declines to address the other elements of a negligence per se claim.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 47] is **GRANTED**;

2. Plaintiff Vincent McKinney's Renewed Motion for Summary Judgment [Docket No. 53] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 2, 2009.